1  Gene H. Shioda, Bar No. 186780
2  James Alexander Kim, Bar No. 220763
   SHIODA & KIM, APLC
3  5757 West Century Blvd., Suite 700
4  Los Angeles, California 90045
   Telephone: (310) 348-7222
5  Facsimile: (310) 348-7220
6  Email: ghs@shiodakim.com
            jak@shiodakim.com
7
8  Attorneys for Plaintiff:
   UNIVERSAL DYEING & PRINTING, INC.
9
10
11                **UNITED STATES DISTRICT COURT**
12                **CENTRAL DISTRICT OF CALIFORNIA**
13
14  UNIVERSAL DYEING & PRINTING,     | Case No.:   2:17-cv-06096
    INC., a California Corporation
15
16               Plaintiff,
                                     | **COMPLAINT FOR**
17  vs.                              | **COPYRIGHT INFRINGEMENT:**
18  LULAROE, LLC, a California limited | **AND REQUEST FOR JURY**
19  liability company; PROVIDENCE    | **TRIAL.**
    INDUSTRIES, LLC, a California
20  limited liability company doing business
21  as "MYDYER.COM"; DESIRE, LLC, a
    California limited liability company
22  doing business as "RUNWAY
23  TEXTILE"; and DOES 1 through 10
    inclusive,
24
25               Defendants.
26
27  ///
28  ///

**1**
**COMPLAINT**

# COMPLAINT

COMES NOW Plaintiff UNIVERSAL DYEING & PRINTING, INC. (hereinafter, "Plaintiff" or "Universal") alleges in its complaint against Defendants LULAROE, LLC, a California limited liability company; PROVIDENCE INDUSTRIES, LLC, a California limited liability company doing business as "MYDYER.COM"; DESIRE, LLC, a California limited liability company doing business as "RUNWAY TEXTILE"; and DOES 1 through 10, inclusive, 20, inclusive, as follows:

## JURISDICTION AND VENUE

1. This action arises under Copyright Act of 1976, Title 17 U.S.C. §101, et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. §1331 and 1338 (a) and (b)

3. Venue in this district is proper under 28 U.S.C. § 1391(c) (Generally) and 28 U.S.C. § 1400 (a) (Copyrights) in that this judicial district in which a substantial part of the acts and omissions giving rise to the claim occurred.

## THE PARTIES

4. Plaintiff UNIVERSAL DYEING & PRINTING, INC. (hereinafter, "Plaintiff" or "Universal"), is a corporation formed and existing under the laws of the

State of California, with its principal place of business in the City of Los Angeles, State of California.

5.     Plaintiff is informed and believes and thereon alleges that at all relevant times herein, Defendant LULAROE, LLC ("LULAROE") was a California limited liability company with its principal place of business located at 1375 Sampson Ave., City of Corona, State of California, and is doing business in the State of California.

6.     Plaintiff is informed and believes and thereon alleges that at all relevant times herein, Defendant PROVIDENCE INDUSTRIES, LLC, ("PROVIDENCE") was a California limited liability company doing under the fictitious name of "MYDYER.COM" and having a principal place of business in the City of Long Beach, State of California

7.     Plaintiff is informed and believes and thereon alleges that at all relevant times herein, Defendant DESIRE, LLC, ("DESIRE") was a California limited liability company doing business under the fictitious name of "RUNWAY TEXTILE" and having a principal place of business the City of Long Beach, State of California

8.     Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 20, inclusive, and therefore sues these defendants, and each of them, by fictitious names.  Plaintiff will seek leave of Court to amend this Complaint to allege the true names and capacities

of the defendants named herein as Does 1 through 20, inclusive, when those names and capacities have been ascertained.

9. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is liable and responsible in some manner for the claims, demands, losses, acts and damages alleged herein, by operation of law, by agency, by ratification, by contributory and acting in concert to harm the Plaintiff as alleged herein.

10. Plaintiff is informed and believes and based thereon alleges that in doing the acts alleged herein, each of the defendants was acting for himself, herself or itself and was acting as the agent, employee, and/or representative of each of the other defendants within the course and scope of such agency, employment and/or representation. Plaintiff is further informed and believes, and based thereon alleges, that the acts and conduct of each of the defendants as alleged herein were known to, authorized and ratified by each of the other defendants.

**COPYRIGHT CLAIMS RELATED TO DESIGN UA 17219**

11. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled UA 17219 ("Subject Design") which was registered with the United States Copyright Office.

12. Prior to the acts complained herein, Plaintiff widely disseminated fabric

1 bearing the Subject Design to numerous parties in the fashion and apparel industries.

2      13.    Plaintiff is informed and believes and thereon alleges that following its distribution of the Subject Design, LULAROE, PROVIDENCE, DESIRE, and DOE Defendants, and each of them, adopted, copied, reproduced, manufactured, distributed and/or sold fabrics and/or finished garments comprised of fabrics featuring designs identical to, or substantially similar to Subject Design. materials without Plaintiff's authorization, including but not limited to products sold by LULAROE bearing the label "Lularoe" and RN 142161 indicating that it was manufactured by or for LULAROE ("Subject Garment") .

     14.    An image of the Subject Design and an exemplar of the Subject Garment design are set forth herein below:




**CLAIM FOR RELIEF**

     15.    Plaintiff repeats and re-alleges the allegations contained in paragraphs

1-14 of this Complaint as though the same were fully set forth herein.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, including without limitation, through (a) access to Plaintiff's showroom and/or design library and the catalogs found therein; (b) access to illegally distributed copies of the Subject Design by third party vendors and representatives and/or DOE Defendants; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

17. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor or subcontractor to a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendants, and each of them, has an ongoing relationship with Defendant retailers, and each of them, supplied garments to said retailer, bearing designs infringing on the copyrights in the Subject Design, when the garments were comprised of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design, or were an illegal modification or derivative work.

18. The fabric design in the Subject Garment shows a reproduction of Subject Design. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants, each of them, participated in the sale, reproduction,

**6**
**COMPLAINT**

manufacture, and distribution of the Subject Garment.

19. Each Defendant's conduct in adopting, copying, manufacturing, distributing, selling, creating derivative works and/or otherwise using the Subject Design through a nationwide network of retail stores, catalogues, and online websites, infringes upon Plaintiff's copyrights.

20. Due to Defendants', each of their, acts of infringement, Plaintiff has been injured in an amount to be proven at trial.

21. Upon information and belief, Defendants are currently engaged in such infringement activities and, unless enjoined by this Court, will continue such infringement activity. Plaintiff has no adequate remedy at law. Thus said conduct of Defendants have caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the subject copyrighted content, and to the business, business reputation and good will of Plaintiff.

22. Plaintiff is further informed and believes, and based thereon alleges that the infringing activities were with knowledge, and Defendants, each of them had direct access to Plaintiff's copyrighted work based on products obtained through a legal transaction with Plaintiff's customers.

23. Plaintiff is further informed and believes, and based thereon alleges that the Defendants, each of them, committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright

infringement were and continue to be, willful, intentional, and malicious.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

1.  That Defendants, its agents, servants, employees, representatives, successors, and assigns and all persons, firms, corporations in active concert with any of said Defendant, be immediately and permanently enjoined from directly, indirectly or contributory infringing the Plaintiff's copyright, including, but not limited to reproducing, distributing, advertising and selling and/or offering for sale of any materials bearing the Plaintiff's copyrighted materials.

2.  The Plaintiff be awarded actual damages of their infringing activities increased to the maximum extent provided by law, or upon election, statutory damages under 17 U.S.C. §§101, *et seq.*;

3.  The Plaintiff be awarded enhanced statutory damages, for willful infringement under 17 U.S.C. §§101, *et seq.*;

4.  The Plaintiff be granted the relief of impoundment and destruction of infringing works under 17 U.S.C. §§101, *et seq.*;

5.  That Plaintiff recover from Defendants its costs of this action and reasonable attorneys' fees under 17 U.S.C. §§101, *et seq.*; and

6.  That Plaintiff has all other and further relief as this Court may deem just

and proper under the circumstances.

Dated: August 17, 2017                    SHIODA & KIM, APLC


                                    By:   /s/ Gene H. Shioda
                                          Gene H. Shioda, Esq.
                                          Attorney for Plaintiff
                                          Universal Dyeing & Printing, Inc.