UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06096-CAS | Date | July 23, 2018 |
|---|---|---|---|
| Title | UNIVERSAL DYEING & PRINTING, INC. v. LULAROE, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     **(IN CHAMBERS)** DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS (Dkt. 36, filed June 25, 2018)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of July 23, 2018 is vacated, and the matter is hereby taken under submission.

## I.  INTRODUCTION & BACKGROUND

On August 17, 2017, plaintiff Universal Dyeing & Printing, Inc., filed the complaint in the instant motion against defendants Lularoe, LLC, Providence Industries, LLC d/b/a Myder.com, Desire, LLC d/b/a Runway Textile, and Does 1 through 10 inclusive. Dkt. 1 ("Compl."). Plaintiff asserts one claim for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

Plaintiff alleges in its complaint that it owns an original two-dimensional artwork that is used for textile printing, entitled UA 17219 (the "Subject Design"), and registered with the United States Copyright Office. Compl. ¶ 11. Plaintiff alleges on information and belief that defendants impermissibly reproduced the Subject Design on defendants' fabrics and finished garments (the "Accused Design"). Id. ¶ 13.

On October 20, 2017, Lularoe filed an answer to the complaint. Dkt. 11. On December 14, 2017, Desire also filed an answer to the complaint. Dkt. 20.

On May 3, 2018, the parties filed a mediation report indicating that a mediation had been held, that the parties had agreed to dismiss the case with prejudice, and that defendants reserved their right to bring a motion for attorneys' fees and costs. Dkt. 34.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06096-CAS | Date | July 23, 2018 |
|---|---|---|---|
| Title | UNIVERSAL DYEING & PRINTING, INC. v. LULAROE, LLC ET AL. | | |

Thereafter, the Court held a status conference on May 14, 2018, observing that the parties had settled and ordering counsel to file a stipulation for dismissal or a joint report detailing settlement status within 30 days. Dkt. 35. As of the date of this order, a stipulation for dismissal has not been filed.

On June 25, 2018, defendants filed a motion for attorneys' fees and costs. Dkt. 36 ("Motion"). On July 3, 2018, plaintiff filed an opposition. Dkt. 37 ("Opp'n"). Defendants filed a reply on July 9, 2018. Dkt. 38 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Section 505 of the Copyright Act, which governs the award of costs and attorneys' fees in copyright infringement actions, provides as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505 ("Section 505").

As the Supreme Court has recognized, "the word 'may' [in Section 505] clearly connote[s] discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994) (Fogerty). District courts accordingly "have two tasks in applying § 505: first, deciding whether an award of attorney's fees is appropriate and, second, calculating the amount of the award." Cadkin v. Loose, 569 F.3d 1142, 1147 (9th Cir. 2009). The Ninth Circuit has articulated five nonexclusive factors—the Fogerty factors—to consider in determining whether to grant attorneys' fees to a prevailing party:

> [1] the degree of success obtained; [2] frivolousness; [3] motivation; [4] objective unreasonableness (both in the factual and legal arguments in the case); and [5] the need in particular

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06096-CAS | Date | July 23, 2018 |
|---|---|---|---|
| Title | UNIVERSAL DYEING & PRINTING, INC. v. LULAROE, LLC ET AL. | | |

circumstances to advance considerations of compensation and deterrence.

Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994) (citing Fogerty, 510 U.S. at 534 n.19). Ultimately, however, courts may choose not to rely on the Fogerty factors if their application is not " 'faithful to the purposes of the Copyright Act.' Faithfulness to the purposes of the Copyright Act is, therefore, the pivotal criterion" in the Ninth Circuit. Berkla v. Corel Corp., 302 F.3d 909, 923 (9th Cir. 2002) (quoting Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996) ("Fogerty II")). "[E]xceptional circumstances are not a prerequisite to an award of attorneys['] fees; district courts may freely award fees, as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." Historical Research v. Cabral, 80 F.3d 377 (9th Cir.1996).

### III. DISCUSSION

Defendants seek an award of $43,124 in attorneys' fees and $2,708.77 in costs pursuant to Section 505 of the Copyright Act, on the grounds that this action "was so devoid of merit that it should have never been filed." See Motion at 1.

### A. Prevailing Party Status

Attorneys' fees under the Copyright Act are only available to prevailing parties. See 17 U.S.C. § 505. Here, the parties represented to the Court on May 14, 2018 that they reached a settlement, but that defendants reserved the right to bring a motion for attorneys' fees. See dkt. 35. The parties provide additional details in their papers that plaintiff's "copyright infringement claim[] [will be] dismissed with prejudice." Opp'n at 4; see Motion at 10. However, no stipulation to this effect has been filed with the Court.

The Supreme Court in Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001) held that, in the context of the Fair Housing Amendments Act, prevailing party status turns on whether there has been a "material alteration of the legal relationship of the parties." In Cadkin v. Loose, the Ninth Circuit concluded that the material alteration test articulated in Buckhannon governs the prevailing party inquiry under Section 505 of the Copyright Act, and observed that Ninth Circuit precedent "compel[s] the conclusion that a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." See Cadkin v. Loose, 569 F.3d 1142, 1150

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06096-CAS | Date | July 23, 2018 |
|---|---|---|---|
| Title | UNIVERSAL DYEING & PRINTING, INC. v. LULAROE, LLC ET AL. | | |

(9th Cir. 2009); Nutrivita Labs., Inc. v. VBS Distrib., 160 F. Supp. 3d 1184, 1189 (C.D. Cal. 2016) (J. Carney) (concluding that a plaintiff's voluntary dismissal with prejudice was sufficient alteration in the parties' legal relationship to confer prevailing party status on the defendant for purposes of awarding attorneys' fees under Copyright Act).

As an initial matter, the parties have not filed the stipulation for dismissal—which was apparently agreed to during Court-ordered mediation, dkt. 34—and as requested by the Court during a status conference on May 14, 2018. See dkt. 35. As such, the record does not demonstrate the means by which settlement will be effectuated, and whether, in fact, there has been a material alteration of the legal relationship between the parties; thus, the Court does not have the requisite information to determine whether defendants are the prevailing party for purposes of the instant motion. The Court therefore assumes, without deciding, that defendants are the prevailing party, and next considers whether attorneys' fees are warranted pursuant to the Fogerty factors.

**B.      Application of the Fogerty Factors**

**1.      The Degree of Success Obtained**

In copyright infringement actions, "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." Fogerty, 510 U.S. at 527. This is because, as a general matter, "[a] successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does." Inhale, Inc. v. Starbuzz Tobacco, Inc., 755 F.3d 1038, 1043 (9th Cir.), cert. denied, 135 S. Ct. 758 (2014); see also Gonzales v. Transfer Techs., Inc., 301 F.3d 608, 609 (7th Cir. 2002) (Posner, J.) ("[A] successful defense enlarges the public domain, an important resource for creators of expressive works.").

However, the Ninth Circuit has also noted that successful defenses "do not always implicate the ultimate interests of copyright" because "copyright defendants do not always reach the merits, prevailing instead on technical defenses." Fogerty II, 94 F.3d at 560. Accordingly, numerous courts in the Ninth Circuit have found the relative degree of success in an infringement case to be mitigated where the Court does not reach the substantive merits of the underlying copyright or the question of whether defendants actually infringed. See, e.g., Unicolors Inc. v. Colon Mfg. Inc., No. 13-CV-5726-SVW, 2014 WL 12617381, at *2 (C.D. Cal. Mar. 3, 2014) (concluding that although the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06096-CAS | Date | July 23, 2018 |
|---|---|---|---|
| Title | UNIVERSAL DYEING & PRINTING, INC. v. LULAROE, LLC ET AL. | | |

agreed to settle for only $1,000, that constituted *some* degree of success); Minden Pictures, Inc. v. John Wiley & Sons, Inc., No. C-12-4601 EMC, 2014 WL 1724478, at *6 (N.D. Cal. Apr. 29, 2014) (Chen, J.) ("[W]hile [defendant] undoubtedly succeeded in this action, the Court finds the degree of success is mitigated by the fact that no substantive ruling regarding the underlying question of infringement was made.").

Here, defendants argue that insofar as they obtained "a complete dismissal of this action with prejudice," they obtained complete success. Motion at 14. In turn, plaintiff contends that defendants did "not challenge the validity of [plaintiff's] copyright," and that the dismissal was merely "based on a stipulation of the parties." Opp'n at 13–14.

The Court concludes that defendants have achieved some degree of success insofar as the parties have settled and plaintiff has agreed to some form of a "stipulation to dismiss." See Opp'n at 15; dkts. 34, 35. The Court acknowledges that, despite this success for defendants, a merits inquiry was never conducted. See Nutrivita Laboratories, Inc., 160 F. Sup. 3d 1184 at 1190 (concluding that defendant "obtained a relatively small degree of success for the purposes of determining a fee award" insofar as the Court did not rule on the merits of the dispute). As such, the Court finds that this factor only slightly favors an award of attorneys' fees.

### 2. Objective Unreasonableness (both in the factual and legal arguments in the case)

"A claim is objectively unreasonable where the party advancing it 'should have known from the outset that its chances of success in th[e] case were slim to none.'" Perfect 10, Inc. v. Giganews, Inc., No. CV 11-07098-AB SHX, 2015 WL 1746484, at *11 (C.D. Cal. Mar. 24, 2015) (quoting SOFA Entm't, Inc. v. Dodger Prods., Inc., 709 F.3d 1273, 1280 (9th Cir. 2013)). The Supreme Court has recently noted that "objective unreasonableness can only be an important fact in assessing fee applications—not *the* controlling one." Kirstaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1989 (2016) (emphasis added).

Here, defendants contend that plaintiff's complaint was objectively unreasonable insofar as plaintiff should have known from the outset that its likelihood of success was "slim to none." Motion at 10–11. Defendants argue that (1) a cursory pre-litigation investigation would have uncovered that similarities between the Subject Design and the Accused Design are due to the fact that their design elements were derived from the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06096-CAS | Date | July 23, 2018 |
|---|---|---|---|
| Title | UNIVERSAL DYEING & PRINTING, INC. v. LULAROE, LLC ET AL. | | |

public domain Belvedere design (the "Belvedere Design"); (2) plaintiff's modifications to the Belvedere Design do not appear in the Accused Design—meaning there is "no possible way" for defendants to have infringed on plaintiff's Subject Design; (3) plaintiff refused to dismiss the matter when plaintiff's counsel was presented with "unequivocal proof" that the Belvedere Design was the source of the Accused Design on November 20, 2017; and (4) plaintiff's witness, Myung Hee Pak, admitted during deposition that plaintiff did not have evidence as to defendants' access to the Subject Design. Id. at 11–12. Plaintiff, in turn, argues that its actions were objectively reasonable insofar as it engaged in disclosure and discovery, re-evaluated the strength of its claim, weighed the risks presented by a jury trial, and determined to dismiss its claim at mediation. Opp'n at 14.

The Court observes that Cathy Kim, the designer who created the Subject Design, admits in her declaration to creating the Design by referencing—but not copying— "elements found in the Belvedere [D]esign." Dkt. 37–1, Declaration of Cathy Kim ¶ 15. The Court further observes that plaintiff's counsel was informed on November 20, 2017 that because defendants had "no access to [plaintiff's] design," defendants conducted an investigation as to the source of the Accused Design and thereafter learned that the source of the Accused Design was the "copyright free" Belvedere Design. See Dkt. 36–11, Declaration of Ilan Kashanian ("Kashanian Decl.") & Ex. 2. Defendants attached an image of the Belvedere Design for plaintiff's counsel's reference. See id. Upon receipt of this information, plaintiff's counsel proceeded with litigation until the Court-ordered mediation on May 3, 2018.

The Court has reviewed the copyrighted Subject Design and the Accused Design and observes similarities between the design elements that suggest that plaintiff's claim for copyright infringement—at the outset of litigation—was not objectively unreasonable as a factual matter. The Court further observes that nothing in the record demonstrates that plaintiff was unreasonable in moving forward with discovery subsequent to defendants' proffered November 20, 2017 information concerning the Belvedere Design. Plaintiff was not required to accept defendants' assertion at face value, and plaintiff asserts that it "engaged in disclosure and discovery," "re-evaluat[ed] the strength of [its] claim," and that it "required the assistance of the federal mediator to obtain a stipulation for dismissal." Opp'n at 14–15. Although the Court recognizes that plaintiff's decision to proceed with litigation may be questioned, this conduct does not appear objectively unreasonable given plaintiff's right to investigate defendants' November 20, 2017

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:17-cv-06096-CAS | Date | July 23, 2018 |
|---|---|---|---|
| Title | UNIVERSAL DYEING & PRINTING, INC. v. LULAROE, LLC ET AL. | | |

assertions, and the fact that the parties settled the case soon after depositions of key witnesses were concluded in April 2018.

In light of the above considerations, the record does not compel the conclusion that plaintiff's claim was objectively unreasonable as a factual and legal matter. Accordingly, the second Fogerty factor weighs against an award of attorneys' fees to defendants.

### 3. Frivolousness

The next inquiry concerns whether plaintiff's claim is frivolous. A claim is frivolous when it is "clearly baseless," involving "fantastic or delusional scenarios." Giganews,, 2015 WL 1746484, at *8 (citation omitted). Stated differently, a "case is deemed frivolous only when the result is obvious or the arguments are wholly without merit." Id. (citation and internal quotation marks omitted). "A claim is not frivolous merely because it is unsuccessful." Bisson-Dath v. Sony Computer Entm't Am. Inc., No. CV-08-1235 SC, 2012 WL 3025402, at *2 (N.D. Cal. July 24, 2012). The standard for frivolousness is higher than the standard for objective unreasonableness. See Epikhin v. Game Insight N. Am., No. 14-CV-04383-LHK, 2016 WL 1258690, at *6 (N.D. Cal. Mar. 31, 2016) (citation omitted).

The Court observes that the record does not indicate that plaintiff was aware, prior to filing suit, that the Accused Design and the Subject Design resulted from the Belvedere Design. Without knowledge that the Accused Design and the Subject Design were both sourced from the copyright-free Belvedere Design, plaintiff's claim does not appear to have been "delusional" or "wholly without merit." As such, this factor thus weighs against a fee award.

### 4. Motivation

"[T]he existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party." Frost-Tsuji Architects v. Highway Inn, Inc., No. 13-CV-00496-SOM-BMK, 2015 WL 5601853, at *7 (D. Haw. Sept. 23, 2015). "A finding of bad faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation." Id.

Defendants argue that pre-existing animosity between the parties' principals was the "driving force" behind this action. Motion at 13 (citing Kashanian Decl. ¶¶ 6–7). Defendants further argue that the animosity is evidenced by the fact that plaintiff insisted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06096-CAS | Date | July 23, 2018 |
|---|---|---|---|
| Title | UNIVERSAL DYEING & PRINTING, INC. v. LULAROE, LLC ET AL. | | |

on naming Desire, d/b/a Runway, as a defendant, notwithstanding that plaintiff had no evidence as to Desire's involvement in the suit, and by plaintiff's failure to properly research the law or facts involved in its claims. Id.

Although defendants contend that animosity between the parties' principals spurred plaintiff's claim, the apparent similarities between the Subject Design and the Accused Design suggest that there are reasons apart from animosity that led to the filing of the suit. Accordingly, this factor weighs against an award of fees to defendants.

### 5. Advancing Considerations of Compensation and Deterrence and Furthering the Purposes of the Copyright Act

"The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." Mattel, Inc v. MGA Entm't, Inc., 705 F.3d 1108, 1111 (9th Cir. 2013). "The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." Fogerty, 510 U.S. at 524. "The statute achieves that end by striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." Kirtsaeng, 136 S. Ct. 1979 at 1986 (citing Fogerty, 510 U.S., at 526). "Accordingly, fee awards under § 505 should encourage the types of lawsuits that promote those purposes. [That] is why, for example, Fogerty insisted on treating prevailing plaintiffs and prevailing defendants alike—because the one could further the policies of the Copyright Act every bit as much as the other[.]" Kirtsaeng, 136 S. Ct. 1979 at 1986 (2016). Where a party asserts an unreasonable or frivolous copyright infringement claim, "[a]n award of attorneys['] fees will serve to compensate a successful copyright defense and deter future improper conduct." BWP Media USA Inc. v. Rich Kids Clothing Co., LLC, 103 F. Supp. 3d 1242, 1248-49 (W.D. Wash. 2015).

Defendants assert that an award of attorneys' fees here would "advance considerations of deterrence" insofar as plaintiff "filed a frivolous complaint, without properly researching its claims, and then continued to pursue that complaint even after being put on notice of the frivolous nature of it." Motion at 14. Defendants also argue that an award of fees would "encourage defendants to litigate against meritless claims." Reply at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06096-CAS | Date | July 23, 2018 |
|---|---|---|---|
| Title | UNIVERSAL DYEING & PRINTING, INC. v. LULAROE, LLC ET AL. | | |

As noted above, the record does not indicate that plaintiff's suit was frivolous or unreasonable, or that plaintiff engaged in improper or bad faith conduct such that an attorneys' fees award here would deter future improper conduct. Defendants offer no other reasons—besides the purported frivolous nature of plaintiff's claim and the need for encouragement for litigating against meritless claims—that a fee award in this case would serve the purposes of the Copyright Act. "While the burden of defending frivolous and objectively unreasonable litigation may be deleterious to the objectives of the Copyright Act, it is not the purpose of the Copyright Act to deter litigants from bringing potentially meritorious claims, even though those claims may be ultimately unsuccessful." Minden Pictures, 2014 WL 1724478, at *8 (citation and quotations omitted).

In consideration of the foregoing factors, and "giving substantial weight to the reasonableness" of plaintiff's litigating position—but also taking into account all other relevant factors—the Court concludes that a fee award should not issue in this case.[1] See Kirtsaeng, 136 S. Ct. 1979 at 1989.

**IV.   CONCLUSION**

In accordance with the foregoing, defendants' motion for attorneys' fees and costs is **DENIED**.

IT IS SO ORDERED.

:

Initials of Preparer     SMO

---

[1] Therefore, the Court need not consider the arguments of the parties concerning the appropriateness of the claimed fees.