# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-06096-CAS(SSx) | Date | September 5, 2018 |
|---|---|---|---|
| Title | UNIVERSAL DYEING & PRINTING, INC. V. LULAROE, LLC, ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                 Not Present

**Proceedings:**    **(IN CHAMBERS)** - DEFENDANTS' MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR ATTORNEYS' FEES (Dkt. 43, filed August 20, 2018)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of September 17, 2018 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

On August 17, 2017, plaintiff Universal Dyeing & Printing, Inc., filed the complaint in the instant motion against defendants Lularoe, LLC, Providence Industries, LLC d/b/a Myder.com, Desire, LLC d/b/a Runway Textile, and Does 1 through 10 inclusive. Dkt. 1 ("Compl."). Plaintiff asserted one claim for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

Plaintiff alleged in its complaint that it had a registered copyright in a two-dimensional fabric design (the "Subject Design"), which was infringed by defendants' fabric design (the "Accused Design"). Compl. ¶¶ 11, 13. On May 3, 2018, the parties filed a mediation report indicating that a mediation had been held, that the parties had agreed to dismiss the case with prejudice, and that defendants reserved their right to bring a motion for attorneys' fees and costs. Dkt. 34.

On June 25, 2018, defendants filed a motion for attorneys' fees and costs, dkt. 36 ("AF Mot."), which the Court subsequently denied on July 23, 2018, dkt. 40 ("Order"). The parties filed a stipulation to dismiss the case on August 2, 2018, dkt. 41, and the case was dismissed with prejudice the same day, dkt. 42.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-06096-CAS(SSx) | Date | September 5, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. V. LULAROE, LLC, ET AL. | | |

On August 20, 2018, defendants filed the instant motion for reconsideration pursuant to Rule 59 and 60(b) of the Federal Rules of Civil Procedure. Dkt. 43 ("Mot."). On August 27, 2018, plaintiff filed an opposition. Dkt. 44. Defendants filed a reply on August 30, 2018. Dkt. 45 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Defendants do not identify the subsections under which they move for reconsideration, but based on the arguments defendants present, the Court assumes that they are moving for reconsideration pursuant to subsections (1) and (6) of Rule 60(b). See Mot. at 3.

Rule 60(b)(1) permits a court to correct its own inadvertence, mistakes of fact . . . or mistakes of law. However, a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in the original briefs. A party seeking reconsideration under Rule 60(b)(6), the "catch-all" provision, must show "extraordinary circumstances justifying the reopening of a final judgment." Hall v. Haws, 861 F.3d 977, 987 (9th Cir. 2017) (citation omitted).

In addition, "[i]n this district, motions for reconsideration are governed by Local Rule 7–18," Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008), which states: "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R. 7–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06096-CAS(SSx) | Date | September 5, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. V. LULAROE, LLC, ET AL. | | |

## III. DISCUSSION

Defendants move for reconsideration on the grounds that "[c]ase law decided since the Court's order was entered demonstrates that . . . [the Court's findings] were both factually and legally in error." Mot. at 2. Defendants also contend that the Court failed "to consider the material facts and law before the [C]ourt in the original decision." Reply at 2. However, defendants do not show a change in law or a "manifest showing of a failure to consider material facts," nor do they explain how "extraordinary circumstances" justify their request for reconsideration. Rather, the instant motion largely repeats "written argument made in support of or in opposition to the original motion."[1] C.D. Cal. L.R. 7–18.

### A. A Change in Law

First, defendants suggest that Glacier Films (USA), Inc. v. Turchin, 896 F.3d 1033 (9th Cir. 2018), established new law. In Glacier Films, the Ninth Circuit reversed the district court's denial of attorneys' fees to a prevailing copyright holder because it did not faithfully apply the factors from Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994), when it: (1) concluded that the copyright owner's success was only minimal, when it was, in fact, a total success on the merits, id. at 1038; (2) failed to appropriately weigh the interests of deterrence and compensation given that "[a]n avid BitTorrent user like [the defendant] may rationally decide that the risk of being caught and sued for [statutory damages alone] is worth the price of admission for access to unlimited media," id. at 1040; (3) concluded that awarding fees to a *prevailing* plaintiff would contribute to the overaggressive assertion of other copyright claims, id. at 1040–42; and (4) failed altogether to analyze the unreasonableness of the losing party's factual and legal position, id. at 1042–43. The Ninth Circuit did not, at any point in Glacier Films, announce a new legal standard or

---

[1] The instant motion for reconsideration and defendants' motion for attorneys' fees both argue: (1) that the Subject Design and the Accused Design were both similar to a design in the public domain, mot. at 5–10, AF mot. at 2–3; (2) that plaintiff's case was a frivolous assertion of a baseless copyright claim, mot. at 9; AF mot. at 14; (3) that the plaintiff's actions were unreasonable at the outset of the litigation, mot. at 10–12, AF mot. at 10–12; (4) that the lawsuit was brought on improper motives, mot. at 13, AF mot. at 13–14; and (5) that awarding attorneys' fees would serve the purposes of the Copyright Act by deterring frivolous actions, mot. at 13–14, AF mot. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-06096-CAS(SSx) | Date | September 5, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. V. LULAROE, LLC, ET AL. | | |

provide new guidance on how to weigh the Fogerty factors. Instead, the Ninth Circuit merely explained how the district court failed to faithfully apply the Fogerty factors.

Defendants rely on two statements from Glacier Films that purportedly establish new law: (1) that a district court's discretion in deciding attorneys' fees motions "must remain tethered to judicial guideposts," 896 F.3d at 1037; and (2) that awarding fees to a prevailing defendant is appropriate "to deter . . . overaggressive assertions of copyright claims," id. at 1041. Defendants argue that in light of this new authority, the Court should reconsider its denial.[2] But these statements from Glacier Films are reiterations of the law as it existed when the Court ruled on defendants' motion. First, the notion that a district court's discretion in awarding attorneys' fees must be tethered to judicial guideposts is not new. Indeed, the Supreme Court and Ninth Circuit have repeatedly required district courts to adhere to the Fogerty factors when making a fee determination in a copyright action. See, e.g., Shame On You Prods., Inc. v. Banks, 893 F.3d 661, 666 (9th Cir. 2018); Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 675 (9th Cir. 2017); Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1985 (2016). Second, the statement about deterring overaggressive assertions of copyright claims was quoted from Kirtsaeng, 136 S. Ct. at 1985—authority that was relied upon by the Court when it denied defendants' motion for attorneys' fees. Order at 8. The Court considered defendants' argument that an attorneys' fee award would deter future improper conduct and found that "the record [did] not indicate that plaintiff's suit was frivolous or unreasonable, or that plaintiff engaged in improper or bad faith conduct such that an attorneys' fees award here would deter future improper conduct." Order at 9.

Defendants also urge the Court to reconsider its decision in light of Kirtsaeng's admonishment to treat prevailing plaintiffs and prevailing defendants the same. Mot. at 5. This admonishment existed at the time the Court made its decision and the Court quoted language from Kirtsaeng on this point. See Order at 8 ("Accordingly, fee awards under § 505 should encourage the types of lawsuits that promote those purposes. [That] is why, for example, Fogerty insisted on treating prevailing plaintiffs and prevailing

---

[2] In asking the Court to reconsider, defendants also cite to We Shall Overcome Found. & Bulter Films v. Richmond Org., Inc., No. 16cv2725(DLC), 2018 U.S. Dist. LEXIS 128174 (S.D.N.Y. July 31, 2018). This decision is not controlling precedent and therefore cannot demonstrate a change in law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06096-CAS(SSx) | Date | September 5, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. V. LULAROE, LLC, ET AL. | | |

defendants alike—because the one could further the policies of the Copyright Act every bit as much as the other[.]") (quoting Kirtsaeng, 136 S. Ct. at 1986 (2016)).

Accordingly, defendants have not demonstrated a change of law and thus provide no basis for the Court to reconsider its ruling.

### B. A Manifest Showing of a Failure to Consider Material Facts

Defendants argue that the Court committed error when it failed to apply binding precedent and distinguish between the protected and unprotected materials in the Subject Design and the Accused Design. Reply at 3. Defendants assert that unless the Court can identify a substantial similarity in the protected elements of the two works, "there is no substantial similarity from which to find that the infringement claim was reasonable." Id. at 5. The defendants made essentially the same argument in their motion for attorneys' fees. See AF Mot. at 11–12. Defendants also repeat the fact that the designer who created the Subject Design admitted to referencing a design in the public domain. See AF Mot. at 5; Mot. at 5.

Defendants' argument fails. In denying attorneys' fees, the Court considered the designer's admission, reviewed the Subject Design and the Accused Design, and determined that "plaintiff's claim for copyright infringement—*at the outset of litigation*—was not objectively unreasonable as a factual matter." Order at 6 (emphasis added). Defendants have thus not made a manifest showing of the Court's failure to consider material facts.

### IV. CONCLUSION

Accordingly, defendants' motion for reconsideration is hereby **DENIED**.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |